IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOHN M. STEVENSON
PLAINTIFF

V.                                             CIVIL CASE No. 1:10-CV-0282-SS

AUSTIN-TRAVIS COUNTY INTEGRAL
CARE CENTER [formerly Austin-Travis
County Mental Health and Mental
Retardation Center]; DR. JEFFERY
JOSEPHS, Individually and as an
Employee of the Austin-Travis County
Integral Care Center [MHMR]; THE
HOUSING AUTHORITY OF THE CITY
OF AUSTIN [HACA]; MS. SYLVIA
BLANCO, Individually and as an
Employee of HACA

      DEFENDANT

### RESPONSE TO JUNE 18, 2010 ORDER FINDING
### RULE 11 ORDER AND MOTION TO DISMISS

COMES NOW Plaintiff, John M. Stevenson, and files his Response to June 18, 2010 Order Finding Rule 11 Order and Motion to Dismiss. The Failure to respond to this Court's Order on May 19, 2010 Order was/is excusable for the following reasons:

#### PLAINTIFF'S POOR HEALTH

[1]     Plaintiff's medical condition was such that it made it impossible for Plaintiff to respond. Plaintiff, was [and is still to a lesser extent] suffering from fainting spells that made it impossible

for him to research and prepare a response to this Court's Order of May 19, 2010. After suffering over 2-weeks with this affliction, Plaintiff went to the Brackenridge Hospital Emergency Room in mid May 2010. They conducted extensive tests but could not find the reason for Plaintiff's affliction. Plaintiff was released but the affliction continued.

[2]   Subsequently, Plaintiff fell and injured his lower back very substantially on the evening of Thursday, June 10, 2010. Early Friday afternoon, Plaintiff went to the St. David's Hospital Emergency Room. After initial testing, Plaintiff was strongly advised to enter the Hospital. Plaintiff entered the Hospital Friday afternoon and was there until Monday, 6-14-10. St. David's conducted a very extensive series of tests on Plaintiff; however, they too were unable to find the cause. They did determine that Plaintiff had suffered a fractured L-1 vertebra. Even though they preferred that Plaintiff not do so, he left the hospital Monday evening.

[3]   The fainting spells continued, but Plaintiff was able to keep from further injuring himself. In the evening of Friday 6-18-10, Plaintiff had a severe fainting spell and was unable to break his fall. He fell into a desk and then tumbled to the floor and a portion of the desk fell on him. Since a rib was dislocated, his lower back was further injured and the pain was intense.

[4]   Since he did not wish to re-enter the hospital and the pain was still severe, Plaintiff began seeing his Doctor of Chiropractic on 6-21-10. On one occasion at his Chiropractor's, Plaintiff actually fainted but he and others were able to break the fall. Plaintiff began daily treatment from his Chiropractor and was ordered to recline and rest as much as possible. Due to the new injury and the increased pain, Plaintiff followed the Chiropractor's instructions. The pain made Plaintiff virtually immobile. After intensive Chiropractic treatment and Plaintiff's following the Chiropractor's orders, the pain started to subside late in the week of 6-28-10; unless a new injury occurs Plaintiff is now adequately functional and could comply with the Court's Order of May 19, 2010.

## FILINGS IN FEDERAL COURT

[5]     With the exception of one, all cases that were removed to Federal Court were removed by the Defendants. Since the denial of due process in State J.P. Court was to be a part of this filing, Plaintiff removed the pending state court eviction case to Federal Court. It was Plaintiff's intent to incorporate this case into his then pending Federal case. It was determined by the Federal Court that this was an improper method of incorporating it into the pending Federal case and the case was remanded to State Court.

[6]     Plaintiff filed one case in federal Court. Plaintiff subsequently determined through further research, that the Federal case he had pending was improperly filed in Federal Court. Therefore, Plaintiff immediately dismissed this case.

[7]     All the cases removed, including this case, have been drafted by Plaintiff to comply with state court requirements; not Federal. The first of these cases removed by the Defendants was remanded to the State Court by this Federal Court. Another of these cases was dismissed by this Court. Plaintiff had intended to dismiss this case and, therefore, did not object to this dismissal. The subject case, which was removed by Defendants, is still pending and Plaintiff desires the opportunity to comply with this Court's May 19, 2010 order and upgrade it to federal standards.

## EVICTION PROCEEDING

[8]     The eviction proceeding in state court that this Court's order refers to is presently on appeal. Actions taken by the J.P. court and the attorney for the Plaintiff [HACA] have been determined by Defendant [Plaintiff herein] to be in violation of his rights to due process. The Plaintiff in the case before this Court feels that this action by the J.P. and the attorney is in violation of Plaintiff's constitutional rights and has attempted to incorporate this cause of action into the pending, now federal, proceeding.

## CONCLUSION

[9]     There is not a pattern of abuse by Plaintiff. In the only case filed by Plaintiff in Federal Court, it was promptly dismissed by Plaintiff when he determined it to be improper. All other cases were transferred to Federal Court by the Defendants. If any pattern exists, it has been created by the various Defendants. It seems to be a tactic of Defendants to remove a case to Federal Court whether or not it is appropriate to do so.

[10]    Plaintiff has never been sanctioned in State Court for any of his filings; ever. It is not Plaintiff's pattern to file cases that are in violation of the Court's standards. In a several years ago filing in Federal Court, Plaintiff properly amended the case after a 12(b) 6 ruling and the case was not dismissed. Since a subsequent settlement took place, the case did not go to trial.

[11]    Plaintiff would have promptly responded to this Court's Order had his poor state of health not made it impossible for him to do so.

### PRAYER

Plaintiff hereby requests that:

[1] He is granted an amount of time that this Court deems proper to respond to the May 19, 2010 Order.

[2] He be granted a hearing prior to any sanctions being awarded.

[3] Plaintiff will be given the proper opportunity to contest the Motions to Dismiss and there will be no dismissal until Plaintiff has had an opportunity to respond.

This Plaintiff's Response is respectfully submitted on this the 8th day of July 2010.

John M. Stevenson, Plaintiff
PO Box 2452
Austin, Texas 78768
[512] 560-0233

## CERTIFICATE OF SERVICE

This is to certify that on the 8th day of July 2010, a true and correct copy of the foregoing Plaintiff's ~~Motion for Extension of Time to Respond~~ Response to June 18, 2010 Order has been sent 1st Class U.S. Mail to the following:

William S. Helfand
Barbara Roberts
1200 Smith Street # 1400
Houston, Texas 77002

Martha S. Dickie
Noel L. Stout
2301 S. Capital of Texas Hwy, Bldg. H
Austin, Texas 78746